UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WELLS FARGO FINANCIAL NEVADA 2, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> THE EAGLE AND THE CROSS, LLC, et al., <br><br> Defendant(s). | Case No. 2:16-CV-1775 JCM (GWF) <br><br> ORDER |

Presently before the court is defendants Susan Patchen and The Eagle and the Cross, LLC's ("E&C") motion for summary judgment. (ECF No. 42). Plaintiff Wells Fargo Financial Nevada 2, Inc., filed a response (ECF No. 46), to which defendants replied (ECF No. 49).

Also before the court is plaintiff's motion for summary judgment. (ECF No. 43). Defendants filed a response (ECF No. 47), to which plaintiff replied (ECF No. 48).

**I.  Facts**

This case involves a dispute over real property located at 3156 Sonata Drive, Las Vegas, Nevada, 89121 (the "property"). (ECF No. 1).

On September 7, 1988, W. Leon Moore and Bernice D. Moore purchased the property pursuant to a grant, bargain, sale deed. (ECF Nos. 1, 42-1 at 20). On February 18, 2005, the borrowers obtained a loan in the amount of $220,825.65 from plaintiff to re-finance the purchase. *Id.*; (ECF No. 43-2). The loan was secured by a deed of trust recorded on February 24, 2005. *Id.*; (ECF No. 43-3). The deed of trust lists plaintiff as the lender and beneficiary. (ECF No. 43-3). The covenants, conditions, and restrictions ("CC&R") governing the property contained a mortgage protection clause. (ECF No. 46-1).

**James C. Mahan**
**U.S. District Judge**

On April 28, 2009, an Affidavit of Death of Joint Tenant was executed,[1] indicating that W. Leon Moore and Bernice D. Moore had passed away, and that pursuant to a Grant, Bargain Sale Deed recorded on September 7, 1988, Doris E. Hurd, as the sister of Bernice D. Moore and sister-in-law of W. Leon Moore, was now the rightful owner of the Property. (ECF No. 42-1 at 20).

On November 8, 2012, Nevada Association Services ("NAS"), acting on behalf of Sunrise Villas V Homeowner's Association ("the HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $2,408.[2] (ECF No. 1). On January 10, 2013, NAS, acting on behalf of the HOA, recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $3,811.50. *Id.*

On July 3, 2013, NAS recorded a notice of foreclosure sale, stating an amount due of $6,167.72 and an anticipated sale date of July 26, 2013. (ECF No. 43-6). On July 26, 2013, the HOA foreclosed on the property. (ECF No. 43-7). Patchen purchased the property at the foreclosure sale for $6,600. *Id.* A foreclosure deed in favor of Patchen was recorded on August 1, 2013. *Id.*

On March 17, 2015, Patchen transferred the property to E&C via quitclaim deed (recorded on March 18, 2015) for no consideration. (ECF Nos. 1, 43-8).

On July 26, 2016, plaintiff filed the underlying complaint, alleging (1) declaratory relief under the Fifth Amendment's takings clause; (2) declaratory relief under the Fifth and Fourteenth Amendment's due process clauses; (3) wrongful foreclosure; (4) violation of NRS 116.1113; and (5) quiet title. (ECF No. 1).

On March 29, 2017, E&C filed counterclaims against plaintiff for (1) declaratory relief/quiet title pursuant to NRS 30.010 *et seq*, NRS 40.010, and NRS 116.3116; and (2) preliminary and permanent injunction.[3] (ECF No. 23).

---

[1] The affidavit was recorded on May 29, 2009. (ECF No. 42-1 at 20).

[2] This included "late fees, collection fees and interest in the amount of $858.00." (ECF No. 43-4).

[3] E&C also filed these claims as counterclaims against the former homeowner. (ECF No. 23).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

As an initial matter, the court takes judicial notice of the following recorded documents: the first deed of trust (ECF No. 43-3); the notice of delinquent assessment (ECF No. 43-4); the notice of default and election to sell (ECF No. 43-5); the notice of trustee's sale (ECF No. 43-6); and the trustee's deed upon sale (ECF No. 43-7). *See, e.g.*, *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011) (holding that a court may take judicial notice of public records if the facts noticed are not subject to reasonable dispute); *Intri-Plex Tech., Inv. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Further, the court will dismiss claims (1) and (2) of plaintiff's complaint, which request declaratory relief. "[A] 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy." *Pettit v. Fed. Nat'l Mortg. Ass'n*, no. 2:11-cv-00149-JAD-PAL, 2014 WL 584876 (D. Nev. Feb. 11, 2014); *see Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*,

no. 2:15-cv-02257-JCM-CWH, 2017 WL 1902158, at *4 (D. Nev. May 9, 2017) (citing *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)); *see also Centex Homes v. Everest Nat'l Ins. Co.*, no. 2:16-cv-01275-GMN-CWH, 2017 WL 4349017 (D. Nev. Sept. 29, 2017) ("[T]he Court will interpret Plaintiff's claim for declaratory relief as a request for a remedy rather than a separate cause of action . . . .").[4] As plaintiff's first and second causes of action request a remedy of declaratory relief, and are not substantive causes of action, the court will dismiss the claims to the extent they purport to create a cause of action. *See Wells Fargo*, 2017 WL 1902158, at *4.

Furthermore, claim (2) of E&C's counterclaim will be dismissed without prejudice as the court follows the well-settled rule that claims for "injunctive relief" standing alone are not causes of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

*a. Quiet title*

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, for a party to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918

---

[4] The court in *Centex* denied defendant's motion to dismiss plaintiff's claim for declaratory relief due to its interpretation of plaintiff's claim as a request for a remedy rather than a separate cause of action. 2017 WL 4349017, at *5. This court will consider the allegations within plaintiff's first and second causes of action to the extent they request the remedy of declaratory relief. The court does not see a practical difference between the two approaches.

P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Plaintiff raises the following grounds in support of its motion for summary judgment and to counter defendants' motion: due process and *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016); failure to provide adequate notice, takings clause concerns; and commercial unreasonability. (ECF Nos. 43, 46, 48). The court need only address plaintiff's due process argument, as the facts presented here demonstrate that the foreclosure sale violated plaintiff's due process rights.

Plaintiff argues that NRS Chapter 116 is unconstitutional under *Bourne Valley*, wherein the Ninth Circuit held that the HOA foreclosure statute is facially unconstitutional. (ECF No. 43). Plaintiff further contends that it never received actual notice of the foreclosure sale, which violated its due process rights under *Bourne Valley*. (ECF No. 46).

The Ninth Circuit held that NRS 116.3116's "opt-in" notice scheme, which required a HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. *Bourne Valley*, 832 F.3d at 1157–58. The facially unconstitutional provision, as identified in *Bourne Valley*, exists in NRS 116.31163(2). *See id.* at 1158. At issue is the "opt-in" provision that unconstitutionally shifts the notice burden to holders of the property interest at risk. *See id.*

"A first deed of trust holder only has a constitutional grievance if he in fact did not receive reasonable notice of the sale at which his property rights was extinguished." *Wells Fargo Bank, N.A. v. Sky Vista Homeowners Ass'n*, No. 315CV00390RCJVPC, 2017 WL 1364583, at *4 (D. Nev. Apr. 13, 2017). To state a procedural due process claim, a claimant must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

Here, plaintiff alleges that it never received proper notice of the foreclosure proceedings. (ECF No. 46). In addition to this allegation, plaintiff's notice-based argument relies primarily on defendants' motion for summary judgment. Defendants attached to their motion an exhibit

- 6 -

demonstrating that NAS' mailings of the notice of default were never in fact delivered to plaintiff. *See* (ECF No. 42-1 at 72) (mailing of the notice of default to plaintiff is marked "Return to Sender, Attempted – not known, unable to forward"). The parties do not point to any other evidence in the record that plaintiff received notice of the foreclosure proceedings.

The foregoing demonstrates that the HOA trustee did not provide plaintiff with notice of the foreclosure proceedings. Without notice of the foreclosure proceedings, the foreclosure sale violated plaintiff's right to due process. *See Bourne Valley*, 832 F.3d at 1157–58. The court will grant plaintiff's motion for summary judgment on its claim for quiet title.

    *b. Plaintiff's remaining claims*

The court will dismiss without prejudice plaintiff's remaining claims, which are pled in the alternative.

## IV. Conclusion

The court holds that the foreclosure sale did not extinguish plaintiff's first deed of trust, which continues to encumber the property and is superior to defendants' interest.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for summary judgment (ECF No. 42) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (ECF No. 43) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff shall prepare and submit to the court a proposed judgment consistent with the foregoing within thirty (30) days of the date of this order.

DATED June 7, 2018.

                                                   /s/ James C. Mahan
                                               UNITED STATES DISTRICT JUDGE