UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WELLS FARGO FINANCIAL NEVADA 2, INC.,<br><br>Plaintiff(s),<br><br>v.<br><br>THE EAGLE AND THE CROSS, LLC, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-1775 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant/third party claimant The Eagle and the Cross's ("Eagle") motion for default judgment. (ECF No. 57). Third party defendant Doris Hurd ("Hurd") has not filed a response, and the time to do so has passed.

**I.  Facts**

This case involves a dispute over real property located at 3156 Sonata Drive, Las Vegas, Nevada, 89121 (the "property"). (ECF No. 1).

On September 7, 1988, W. Leon Moore, Bernice D. Moore, and third-party defendant Hurd ("borrowers") acquired the property as joint tenants pursuant to a grant, bargain, sale deed. (ECF Nos. 1, 42-1 at 20). On February 18, 2005, borrowers refinanced the property with a loan in the amount of $220,825.65 from plaintiff Wells Fargo Financial Nevada 2, Inc. ("Wells Fargo"). (ECF No. 43-2). On April 28, 2009, an "Affidavit of Death of Joint Tenant" was executed, indicating that W. Leon Moore and Bernice D. Moore had passed away, and that third-party defendant Hurd was now the rightful owner of the property as the last-remaining joint tenant. (ECF No. 42-1 at 20). Hurd recorded the affidavit with the Clark County recorder's office on May 29, 2009. *Id.*

James C. Mahan
U.S. District Judge

On July 26, 2013, defendants Nevada Association Services ("NAS") and Sunrise Villas V Homeowners' Association ("HOA") conducted a non-judicial foreclosure sale on the property pursuant to NRS Chapter 116. (ECF No. 43-7). Defendant Susan Patchen ("Patchen") purchased the property at the foreclosure sale for $6,600. *Id.* A foreclosure deed in favor of Patchen was recorded on August 1, 2013. *Id.* On March 17, 2015, Patchen transferred the property to Eagle via quitclaim deed, which was recorded on March 18, 2015. (ECF No. 43-8).

On July 26, 2016, Wells Fargo filed the underlying complaint, seeking to reinstate its deed of trust following the foreclosure sale, alleging that it had not received adequate notice of the foreclosure sale pursuant to NRS Chapter 116. (ECF No. 1). On March 29, 2017, Eagle filed counterclaims and third-party claims against plaintiff and Hurd, respectively, for (1) declaratory relief/quiet title, and (2) "preliminary and permanent injunction."[1] (ECF No. 23). Eagle served Hurd by publication on August 23, 2017. (ECF No. 37). Since that time, Hurd has failed to appear or respond to either of Eagle's claims against her.

On June 7, 2018, the court entered its order granting summary judgment in favor of Wells Fargo, agreeing that it had not received adequate notice of the foreclosure sale and holding that "the foreclosure sale did not extinguish plaintiff's first deed of trust . . ." (ECF No. 52). However, the court's order did not resolve Eagle's third-party claims against Hurd, the owner of the property prior to the foreclosure sale. Because Hurd failed to appear or respond to Eagle's claims against her, Eagle moved for entry of clerk's default on July 16, 2108. (ECF No. 55). The clerk entered default as to Hurd on July 17, 2018. (ECF No. 56). On August 3, 2018, Eagle filed its instant motion for default judgment against Hurd. (ECF No. 57).

**II.     Legal Standard**

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure

---

[1] The court dismissed Eagle's claim for injunctive relief, finding that injunctive relief is not a cognizable cause of action in Nevada. (ECF No. 52 at 5).

James C. Mahan
U.S. District Judge

- 2 -

55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

**III.     Discussion**

Eagle has already complied with the two-step process required under Federal Rule of Civil Procedure 55. Specifically, pursuant to Rule 55(a), Eagle has moved for clerk's entry of default, (ECF No. 55), and the clerk subsequently entered default against Hurd on July 17, 2018. (ECF No. 56). Now, in accordance with Rule 55(b), Eagle brings the instant motion requesting that the court enter default judgment against Hurd on its third-party claim to quiet title. (ECF No. 57).

The court finds that the *Eitel* factors support entry of default judgment in favor of Eagle and against Hurd in this action. The first *Eitel* factor weighs in favor of default judgment. Courts in this district hold that a defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits," and therefore satisfies this first factor. *See, e.g., ME2 Prods., Inc. v Sanchez*, No. 2:17-cv-667-JCM-NJK, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *1 (D. Nev. Apr. 12, 2018); *Tropicana Entm't Inc. v. N3A Mfg., Inc.*, No. 3:16-cv-0257-LRH-VPC, 2018 U.S. Dist. LEXIS 75557, 2018 WL 2088871, at *2 (D. Nev. May 3, 2018).

Regarding the second and third *Eitel* factors, the court finds Eagle's third-party claim against Hurd is sufficiently pleaded and is meritorious with respect to its cause of action for quiet

title. Specifically, Eagle has introduced evidence establishing its interest in the property is superior in relation to that of Hurd's. *See, e.g.,* (ECF No. 43-7, 8).

The fourth factor weighs in favor of default judgment because Eagle seeks only quiet title and no monetary damages against Hurd. (ECF No. 23 at 20). The fifth *Eitel* factor, which concerns the possibility of a dispute regarding material facts, favors Eagle. There is no dispute concerning the material facts as Eagle obtained its interest in the property following the foreclosure sale after Hurd failed to stay current on her HOA payment obligations. (ECF No. 43-7, 8).

Because the court left the foreclosure sale intact, Eagle's superior interest in the property relative to that of Hurd is factually undisputed.[2] Moreover, courts have recognized at the default-judgment stage that "[o]nce the clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *ME2 Prods., Inc.*, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *2 (quoting *O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 U.S. Dist. LEXIS 101941, 2010 WL 3636171, at *4 (D. Nev. Sept. 9, 2010)).

With respect to the sixth *Eitel* factor, the court finds Hurd's failure to appear was not the result of excusable neglect. Eagle's notice of service by publication was filed on August 23, 2017. The clerk's entry of default was entered against Hurd on July 17, 2018, (ECF No. 56), and Eagle filed the instant motion on August 3, 2018. (ECF No. 57). Hurd's consistent failure to appear or otherwise respond to Eagle's third-party claim for more than one year militates against a finding of excusable neglect. *See ME2 Prods., Inc.*, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *3; *O'Brien*, 2010 U.S. Dist. LEXIS 101941, 2010 WL 3636171, at *6.

The seventh and final *Eitel* factor concerns public policy considerations. While public policy generally favors disposition on the merits, the court concludes that default judgment is appropriate in light of the other *Eitel* factors.

---

[2] In its order granting summary judgment in favor of plaintiff, the court held that "the foreclosure sale did not extinguish [Wells Fargo's] first deed of trust, which continues to encumber the property and is superior to [Eagle and Susan Patchen's] interests." (ECF No. 52 at 7). The order did not, however, invalidate the foreclosure sale itself. Therefore, Hurd no longer maintains any valid interest in the property.

James C. Mahan
U.S. District Judge

- 4 -

## IV. Conclusion

In sum, Eagle requests and is entitled to a determination that (1) it took title to the property, free and clear of all liens, encumbrances, and claims of Hurd; (2) that Hurd has no estate, right, title, interest, or claims in the property; and (3) a judgment enjoining Hurd from asserting any estate, right, title, interest, or claim in the property against Eagle.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that third-party claimant The Eagle and the Cross LLC's motion for default judgment (ECF No. 57) be, and the same hereby is, GRANTED.

The clerk of court is instructed to enter judgment accordingly and close the case.

DATED November 19, 2018.

                                                              /s/ James C. Mahan
                                                              UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -